PRICE, Judge.
The Madden Construction Company, a partnership composed of J. G. Madden, Mrs. Johnnye Mae Madden and James D. Madden, filed this action against Mill Engineers, Incorporated, to recover damages to a crane rented by plaintiff to defendant for use in installing a heavy press at the Columbia Southern Plywood Mill in Min-den, Louisiana. Defendant was the contractor for the installation of the mill equipment for construction of this plant. During November of 1965, defendant was preparing for the installation of an 18 ton plywood press, measuring 25 feet in height, 10 feet in width, and 4 feet in thickness. Defendant contracted with plaintiff for use of a mechanical crane to perform the necessary lifting of the heavy press in placing it in a frame secured to the foundation of the mill. Plaintiff furnished a Lima 25 T. crane and operator at an agreed price of $25.00 per hour. The entire work performed by the crane was under the exclusive control and supervision of defendant’s employees.
Prior to the arrival of plaintiff’s crane on the job, the employees of defendant encircled the top of the press with several steel cables in the form of a swing to provide a method of attachment for the hoist *554 ing operation. After the crane began to lift the press, either the cables provided by-defendant broke, or the boom of the crane collapsed, allowing the heavy press, which was in a leaning position, to fall against the crane, causing substantial damage to the machine.
Plaintiff contends that the damage resulted from the negligence of defendant’s employees in using cables of an insufficient strength in preparing the cradle.
Defendant takes the position that plaintiff furnished a crane of a lesser capacity than that contracted for, and that the damage was caused by a collapse of the boom of the crane.
In written reasons for judgment the trial judge found the preponderance of the evidence to establish that the cables forming the sling broke, causing the press to fall into the crane with the resulting damage to it. The court found the defendant’s employees were negligent in using cables of inadequate size, or strength, in preparing the sling. Plaintiff was awarded judgment in the total sum of $5,659.03 as damages for repairs and rental cost of a replacement machine while the damaged machine was being repaired.
Defendant has perfected this suspensive appeal, assigning as error:
(1). The finding of the trial judge that the cause of the damage to the crane was the failure of defendant’s cable, and not a collapse of the boom of plaintiff’s crane.
(2). In awarding plaintiff damages for the rental cost of a replacement machine.
The issues involved in this case are purely factual in nature and the trial judge’s findings should be given proper weight and not disturbed unless we find a clear abuse of the discretion vested in him under the law of this State.
The analysis of the trial judge of all testimony relating to the mishap is so concise and complete that we deem it appropriate to reproduce it herein, in extenso :
“Without detailing the evidence which was presented, this Court is convinced that the accident occurred when the cables, affixed to the press frame by defendant’s employees, broke and allowed the press frame to fall into the crane, causing the damages complained of. This conclusion is supported by the testimony of Homer J. Myrick, employee of the defendant at the time of the accident, who testified that the cables broke and the press frame fell into the boom of the crane and the boom buckled after the press frame fell on it. This witness was one of the iron workers who had rigged the press with the cables to which the crane attached in order to lift it to an upright position. He testified that he had completed his work and was just standing, to one side watching the operation at the time the cables broke.
“Leroy Sanders, the operator of the plaintiff’s crane at the time of the accident, also testified that the cables attached to the frame by the defendant’s employees broke allowing the press frame to fall into the boom of the crane. This witness picked up the broken cables and kept them in his possession until the day of trial. The broken cables were filed in evidence as Plaintiff’s Exhibit No. 29. Mr. Sanders made a sketch of the cables on the press frame (p — 30) and indicated on this sketch which cable broke first and which broke second.
“In addition to the direct testimony of these two witnesses together with the defendant’s own broken cable, the evidence in form of photographs of the boom and the I-beam of the roof of the mill together with the testimony of Mr. Joseph H. Barnwell, Professor of Mechanical Engineering at Louisiana Tech, clearly indicates when taken together, that the boom of the crane moved backwards sharply and struck the I-beam of the roof in such a manner as to leave dents on the I-beam and damage to the boom itself at the height exactly coinciding with the height of the I-beam, which *555 damage appears to the Court could not have occurred at that point and in that manner had the boom buckled first and then the cable attached to the press frame broken.
“The only witness testifying that he actually saw the boom bend before the cables broke was Mr. Neal H. Womack, Sr. who was at the time of the accident employed by the defendant. After considering this witness’ testimony in the light of all of the other evidence, this Court can only conclude that he must have been mistaken as to what he saw in the excitement of the moment.
“Turning again to the testimony of Professor Joseph Barnwell, the Court finds that, according to the calculations made by this expert, the -Hsths inch and J^ths cable used by the defendant to make the sling to support this frame were inadequate even if this had been a straight load rather than the angle which they did form in order to make the sling for the crane hook to be attached to. Professor Barnwell also testified regarding the strength of the boom on this crane and stated that the boom cables (two one inch cables and eight one-half inch steel cables with breaking strength of 146,000 pounds and 150,400 pounds, respectively) would have snapped before the boom failed, in his opinion.
“Considering all of this evidence the Court is of the opinion that the plaintiff has borne the burden of proving that the accident occurred and the damage resulted from the negligence of defendant’s employees in using cables of inadequate strength and size to support the 18 ton frame as it was being lifted by plaintiff’s crane.
From our examination of the record in this case, we find the trial judge’s findings to be amply supported by the evidence.
We are in accord with his conclusion that the damage to plaintiff’s machine resulted from the negligence of defendant’s employees and that plaintiff should recover his damages in accordance with the provisions of Articles 2315 and 2316 of the Civil Code.
Appellant complains that in the amount of the trial court’s award is the inclusion of the wages of an operator in the cost of rental of a machine by plaintiff to replace the disabled crane while it was being repaired. The evidence reflects that--the. .post of a machine with an operator was $20.00 per hour. The hourly wage of an operator at the time this incident happened is shown to have been $2.50 per hour.
Appellant argues that Leroy Sanders, the regular operator of plaintiff, remained on plaintiff’s payroll all through this time. We are of the opinion the hourly cost of an operator should have been deducted. The total number of hours of the rental machine was 10814 hours. Thus the total operator cost of $371.25 should be deducted from the trial court’s award of $2,170.00 for cost of a replacement crane.
Although appellant complains of insufficient evidence to corroborate four of the items making up the costs expended by plaintiff in repairing the damaged machine, we do not find an abuse of the trial judge’s discretion in allowing these small items solely on the basis of the testimony of J. G. Madden, one of the partners, that these items were paid for labor or material used in connection with the repairs to the damaged machine.
For the foregoing reasons it is ordered that the judgment appealed from be amended to reduce the amount awarded from $5,659.03 to $5,387.78, and as amended, the judgment is affirmed at appellant’s cost.